IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN WESLEY BOLTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-1205-HE |
| | ) | |
| ERIC FRANKLIN and THE | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

The Petitioner, Mr. John Bolton, is a state inmate who seeks a writ of habeas corpus

under 28 U.S.C. § 2254.  The Court should deny federal habeas relief.

I.      BACKGROUND

In state court, Mr. Bolton was convicted of trafficking in illegal drugs.[1]  He appealed

on grounds involving violation of the Fourth Amendment,[2] and the Oklahoma Court of

Criminal Appeals ("OCCA") affirmed.[3]

The Petitioner filed an application for post-conviction relief, alleging: (1) The State

had improperly used a prior misdemeanor conviction to enhance the sentence; (2) trial

counsel had been ineffective for failure to object to the use of the prior crime; and (3)

---

[1]      See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Oct. 14, 2005).

[2]      Brief of Appellant, *Bolton v. State*, Case No. F-2002-1447 (Okla. Crim. App. June 20, 2003).

[3]      Summary Opinion, *Bolton v. State*, Case No. F-2002-1447 (Okla. Crim. App. Dec. 22, 2003).

appellate counsel had been ineffective for failure to appeal based on improper enhancement of the sentence.[4]  The state district court found that the claims were waived because they could have been raised on direct appeal.[5]  Nonetheless, the court addressed the enhancement claim, finding that it lacked merit because the sentence would have fallen within the statutory range even in the absence of the prior convictions.[6]  The OCCA affirmed, concluding that the claims had been waived and that the enhancement was proper.[7]

The present action followed, and Mr. Bolton alleges: (1) improper use of prior convictions which resulted in an enhanced sentence, (2) ineffective assistance of trial counsel for failure to object to the use of the prior crimes, and (3) denial of equal protection.[8]  All contentions should be rejected.

---

[4]     Petitioner's Application for Post Conviction Relief at p. 3, *Bolton v. State*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. July 23, 2004); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (discussing judicial notice of state court records).

[5]     Order Denying Application for Post-Conviction Relief at p. 2, *Bolton v. State*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. May 17, 2005).

[6]     Order Denying Application for Post-Conviction Relief at pp. 2-3, *Bolton v. State*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. May 17, 2005).

[7]     Order Affirming Denial of Post Conviction Relief at pp. 2-3, *Bolton v. State*, Case No. PC-2005-583 (Okla. Crim App. Aug. 29, 2005).

[8]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 4-6 (Oct. 14, 2005); Plaintiff's Brief in Support of Petition for Writ of Habeas Corpus at pp. 2-12 (Oct. 14, 2005); Petitioner's Response to the Respondents [sic] Response to Petition for Writ of Habeas Corpus at pp. 1-4 (Dec. 27, 2005).

II.      STANDARD FOR HABEAS RELIEF

The applicable standard turns on whether the OCCA has addressed the merits of the claim.  If not, the federal district court exercises its independent judgment on the claim.[9]  If the OCCA did rule on the merits, the federal district court bears a "secondary and limited" role.[10]  In these circumstances, habeas relief is unavailable unless the state court had "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case."[11]

A deferential standard of review governs on the claim involving the sentence enhancement.  But the federal district court should exercise its independent judgment on the claims involving ineffective assistance of trial counsel and a denial of equal protection.

---

[9]        *See*, *e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

[10]      *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

[11]      *Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002).

III.     THE HABEAS CLAIMS RELATING TO SENTENCE ENHANCEMENT

Mr. Bolton alleges improper use of prior convictions for enhancement of the sentence and ineffective assistance of counsel for failure to object on this basis.[12]  These grounds do not support habeas relief.

A.     The Alleged Misuse of Prior Convictions to Enhance Mr. Bolton's Sentence Does Not Support Federal Habeas Relief

In the Information, officials charged Mr. Bolton with drug trafficking, but did not identify any prior convictions.[13]  At trial, the prosecutor stated that a "page two" had included a prior misdemeanor conviction.[14]  The prosecutor also mentioned prior felony convictions, but recommended that the court not consider them.[15]  The Petitioner stipulated to the prior

---

[12]     The Respondents interpret the habeas petition to allege improper use of prior crimes and ineffective assistance of appellate counsel for failure to raise the former issue on direct appeal. Response to Petition for Writ of Habeas Corpus at pp. 3-15 (Dec. 19, 2005).  But the petition belies this construction of Mr. Bolton's arguments.  The Petitioner alleges ineffective assistance of appellate counsel as cause for failure to raise his habeas claims on direct appeal. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 4-6 (Oct. 14, 2005). But the habeas claim of ineffective assistance relates to the actions of trial counsel.  *See* Plaintiff's Brief in Support of Petition for Writ of Habeas Corpus at p. 11 (Oct. 14, 2005) ("Petitioner's defense counsel [sic] performance was clearly deficient when he rendered inadequate assistance by failing to defend and/or challenge [the use of prior convictions]"); *id.* at p. 12 ("Petitioner clearly showed this Honorable Court that his defense counsel [sic] performance was deficient, and  . . . that this deficient performance by his defense counsel prejudiced him by allowing the State to use ILLEGAL prior convictions to enhance his Trafficking conviction." (emphasis in original)).

[13]     Information, *State v. Bolton*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. June 28, 2001); *see also supra* note 4 (discussing judicial notice of state court records).

[14]     Transcript of Proceedings at p. 7, *State v. Bolton*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. Nov. 18, 2002).

[15]     *Id.* at p. 108.

misdemeanor conviction and obtained a sentence of 25 years imprisonment.[16]  According to

the Petitioner, his sentence was improperly enhanced through the prior convictions for

robbery and a misdemeanor drug offense.[17]

The statutory range of punishment for a first-time drug trafficking conviction without

enhancement is ten years to life imprisonment.[18]  The minimum sentence is fifteen years if

the offender has previously been convicted of drug trafficking or a felony violation of the

Uniform Controlled Dangerous Substances Act.[19]

The Court may assume *arguendo* that the state trial judge had enhanced the sentence

through a misapplication of state law.[20]  But the trial judge's alleged misapplication of state

law would not support federal habeas relief.[21]

---

[16]    *See id.* at pp. 118-19.

[17]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 5-6 (Oct. 14, 2005); Plaintiff's Brief in Support of Petition for Writ of Habeas Corpus at pp. 2-9 (Oct. 14, 2005).

[18]    Okla. Stat. tit. 63, §§ 2-401(B)(1) & 2-415(D)(1)  (2001).

[19]    Okla. Stat. tit. 63, §§ 2-401 & 2-415(D)(2) (2001).

[20]    In post-conviction proceedings, the State conceded error in the inclusion of the misdemeanor conviction as a basis for enhancement of the sentence.  State's Response to Application for Post-Conviction Relief at p. 3, *Bolton v. State*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. Jan. 31, 2005).

[21]    In *Vanwoudenberg v. Booher*, 150 Fed. Appx. 760 (10th Cir. Sept. 28, 2005) (unpublished op.), an Oklahoma defendant's sentence was enhanced based on two or more prior convictions.  *See Vanwoudenberg v. Booher*, 150 Fed. Appx. at 760.  The defendant sought federal habeas relief, claiming that the enhancement was erroneous under state law.  *See id.* at 761.  The Tenth Circuit Court of Appeals rejected the claim, holding that the alleged error under state law would not support federal habeas relief.  *Id.* at 762; *see also Handley v. Page*, 279 F. Supp. 878, 879 (W.D. Okla. 1968) ("Matters relating to sentencing . . . are governed by state law and do not raise a federal Constitutional question."), *aff'd*, 398 F.2d 351 (10th Cir. 1968) (*per curiam*).

B.       Alleged Ineffective Assistance of Trial Counsel

According to Mr. Bolton, his trial counsel was ineffective for failure to challenge the use of prior convictions to enhance his sentence.  The federal district court should exercise its independent judgment[22] and reject the claim.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial.[23]   "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[24]

In state post-conviction proceedings, the Petitioner had asserted the same theory with respect to the misdemeanor conviction and the OCCA rejected the claim on the merits.[25]   In light of the OCCA's conclusion, the federal district court cannot find a probability of a different outcome if Mr. Bolton's counsel had asserted the same theory at trial.

---

[22]      *See supra* p. 3.

[23]      *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[24]      *Id.* at 694.

[25]      The OCCA stated: "We also find no merit in Petitioner's claim that his conviction was improperly enhanced by his misdemeanor drug conviction.  The record presented to this Court does not support such a conclusion."  Order Affirming Denial of Post Conviction Relief at p. 3, *Bolton v. State*, Case No. PC-2005-583 (Okla. Crim. App. Aug. 29, 2005).

The Petitioner also contends that trial counsel had failed to object to enhancement with the prior felonies.[26]   But the Petitioner committed a procedural default through the failure to assert this theory in his post-conviction application.[27]   If the Petitioner were to assert the theory in a second post-conviction application, the state courts would undoubtedly decline to address the merits.[28]   The procedural default would foreclose habeas relief on this claim.[29]

---

[26]      Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 4-5 (Oct. 14, 2005).

[27]      In the habeas petition, Mr. Bolton states that he had raised the same issue in his post-conviction application.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 6 (Oct. 14, 2005).  But in the post-conviction application, Mr. Bolton had asserted ineffective assistance based solely on trial counsel's failure to contest reliance on the misdemeanor drug conviction.  Petitioner's Application for Post Conviction Relief at p. 1, *Bolton v. State*, Case No. CF-2001-3642 (Okla. Co. Dist. Ct. July 23, 2004) (referring to Mr. Bolton's challenge to "the improper enhancement of the sentence . . . based upon the State's illegal use of a stale, void prior 'misdemeanor' drug conviction"); *id*. at p. 2 ("the sentence was illegally enhanced . . . by an earlier misdemeanor drug conviction" (emphasis in original)); *id*. at p. 3 (arguing that "the State [had] relied on an illegal and void prior misdemeanor drug conviction . . ., and the deficient performance of his retained counsel was fundamental in not discovering or objecting to the void misdemeanor's illegal use at trial" (emphasis in original)).  In the post-conviction proceedings, Mr. Bolton did not challenge the trial judge's reliance on the prior felony convictions.  *See id.*, *passim*.

[28]      *See Hawkins v. Mullin*, 291 F.3d 658, 670 (10th Cir. 2002) (declining to reach the merits of an ineffective assistance claim that had been omitted in the state proceedings, as the "Oklahoma courts would now deem it procedurally barred" (citations omitted)).

[29]      *See Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (holding that a habeas petitioner's failure to raise ineffective assistance claims until the second post-conviction application had resulted in procedural default); *see also Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) (holding that the habeas petitioner had committed a procedural default through the omission of a claim in his initial post-conviction proceedings).

IV.    THE HABEAS CLAIMS INVOLVING A DENIAL OF EQUAL PROTECTION

Mr. Bolton also claims a violation of his equal protection rights.  But the Petitioner does not support this allegation with any specific facts.[30]  Without them, the claim is conclusory and insufficient to support federal habeas relief.[31]

V.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the undersigned recommends denial of the petition for a writ of habeas corpus.

The Petitioner can object to this report and recommendation.[32]  To do so, Mr. Bolton must file an objection with the Clerk of this Court by March 20, 2006.[33]  The failure to timely object would foreclose appellate review of the suggested ruling.[34]

VI.    STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 28th day of February, 2006.


_____
Robert E. Bacharach
United States Magistrate Judge

---

[30]    *See* Plaintiff's Brief in Support of Petition for Writ of Habeas Corpus at pp. 2-4, 6-8 (Oct. 14, 2005).

[31]    *See Body v. Watkins*, 51 Fed. Appx. 807, 810 (10th Cir. Oct. 16, 2002) (unpublished op.).

[32]    *See* 28 U.S.C. § 636(b)(1) (2000).

[33]    *See* W.D. Okla. LCvR 72.1(a).

[34]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").